**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICARDO NIEVES, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PIONEER CREDIT RECOVERY, INC. and JOHN DOES 1-25, | |
| Defendant(s). | |

## PRELIMINARY STATEMENT

1.     Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, PIONEER CREDIT RECOVERY, INC. ("PIONEER CREDIT") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.    As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5.    Plaintiff is a natural person, a resident of Woodridge, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6.    PIONEER CREDIT maintains a location at 26 Edward Street, Arcade, New York 14009.

7.    PIONEER CREDIT uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8.    PIONEER CREDIT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9.    John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New York consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

11.    This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who were sent letters and/or notices from PIONEER CREDIT, which included the alleged conduct and practices described herein. The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a.    Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A).** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

   b.    Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class

member. These common questions of law and fact include, without limitation:

    i.    Whether the Defendants violated various provisions of the FDCPA;

    ii.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv.    Whether Plaintiff and the Class are entitled to declaratory relief.

    c.  <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d.  <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the

adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16.    Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.    At some time prior to March 6, 2018, Plaintiff allegedly incurred a financial obligation to NEW YORK HIGHER EDUCATION SERVICE ("NY HIGHER EDUCATION").

19.    Plaintiff allegedly incurred the NY HIGHER EDUCATION obligation in connection with a student loan.

20.    The NY HIGHER EDUCATION obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21.    Plaintiff incurred the NY HIGHER EDUCATION obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22.    The NY HIGHER EDUCATION obligation did not arise out of a transaction that was for non-personal use.

23.    The NY HIGHER EDUCATION obligation did not arise out of a transaction that was for business use.

24.    The NY HIGHER EDUCATION obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.    NY HIGHER EDUCATION and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26.    On or before March 6, 2018, the NY HIGHER EDUCATION obligation was referred to PIONEER CREDIT for the purpose of collection.

27.    At the time the NY HIGHER EDUCATION obligation was referred to PIONEER CREDIT the NY HIGHER EDUCATION obligation was past due.

28.    At the time the NY HIGHER EDUCATION obligation was referred to PIONEER CREDIT the NY HIGHER EDUCATION obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

29.    Defendants caused to be delivered to Plaintiff a letter dated March 6, 2018, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30.    The March 6, 2018 letter was sent to Plaintiff in connection with the collection of the NY HIGHER EDUCATION obligation.

31.    The March 6, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32.    Upon receipt, Plaintiff read the March 6, 2018 letter.

33.    The March 6, 2018 letter provided the following information regarding the balance claimed due on the NY HIGHER EDUCATION obligation:

| | |
|---|---|
| Principal: | $48,706.93 |
| Interest: | $9,185.32 |
| Collect Charge | $12,307.89 |
| Total Current Balance: | $70,200.14 |

34.    The March 6, 2018 letter stated in part:

> As of the date of this letter, the balance shown is owed. Because interest may be required to be paid on the outstanding portion of the balance, **as well as late charges** and other charges that may vary from day to day, the amount required to pay the balance in full on the day payment is sent may be greater than the amount stated here. If the amount stated here is paid, an adjustment may be necessary after a payment is received. In that event, notification will occur of any adjustment in the balance. Before any payment intended to pay the balance in full happens, please contact us at the address on this letter, or call 1-800-242-1590. (emphasis added)

35.    As of the date of the March 6, 2018 letter, NY HIGHER EDUCATION ceased assessing late charges on the NY HIGHER EDUCATION obligation.

36.    As of the date of the March 6, 2018 letter, NY HIGHER EDUCATION did not have the legal or contractual authority to assess late charges on the NY HIGHER EDUCATION obligation. See Hovermale v. Immediate Credit Recovery, Inc., 2016 U.S. Dist. LEXIS 102206 .

37.    NY HIGHER EDUCATION never authorized PIONEER CREDIT to charge or add late charges to the balance of the NY HIGHER EDUCATION obligation.

38.    As some time prior to March 6, 2018, NY HIGHER EDUCATION ceased charging or adding late charges to the balance of the NY HIGHER EDUCATION obligation.

39.    PIONEER CREDIT knew or should have known that its actions violated the FDCPA.

40.    Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

41.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

      (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

      (b)     Threatening to take any action that cannot legally be taken or that is not intended to be taken;

      (c)     Using unfair or unconscionable means to collect or attempt to collect any debt; and

      (d)     Making a false representation of the character, amount legal status of the debt.

42.     Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *et seq*.  VIOLATIONS

43.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

44.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

45.     Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to additional late charges.

46.     Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

47.     Defendant's letters would cause the least sophisticated consumer to be confused as to whether the balance of the NY HIGHER EDUCATION obligation would increase due to late charges.

48.     Defendant's letters would cause the least sophisticated consumer to believe that the balance of the NY HIGHER EDUCATION obligation could increase due to late charges.

49.     Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the NY HIGHER EDUCATION obligation could increase due to late charges.

50.     Defendants' representation that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to late charges violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); and § 1692e(10).

51.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

52.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

53.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to late charges.

54.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

55.     15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

56.     Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

57.     Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to late charges.

58.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding late charges.

59.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add late charges.

60.     Defendants violated 15 U.S.C. § 1692e(2)(A) as late charges were no longer being assessed on the NY HIGHER EDUCATION obligation.

61.     15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

62.     Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional late charges when in fact the amount due would not and did not increase due to late charges.

63.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

64.     Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to late charges.

65.     Defendants should be disgorged of all late charge monies collected from members of the class during the relevant period as ill gotten gains.

66.     Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

67.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

68.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

69.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

70.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

71.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

72.     Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages; including but not limited to a disgorgement of all money collected during the relevant period;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 27, 2018                               Respectfully submitted,

By:     *s/ Ben A. Kaplan*
        Ben A. Kaplan, Esq. (BK3594)
        CHULSKY KAPLAN, LLC
        280 Prospect Avenue, 6G
        Hackensack, New Jersey 07601
        Phone (877) 827-3395 ex 102
        Cell Phone: (201) 803-6611
        Fax: (877) 827-3394
        ben@chulskykaplanlaw.com
        Attorneys for Plaintiff

# EXHIBIT A



Payment Address:
   Pioneer Credit Recovery, Inc.
   P.O. Box 157
   Arcade, NY 14009

**PIONEER**
Credit Recovery, Inc.

26 Edward Street, Arcade, NY 14009
Phone: 1-800-242-1590
Fax: 1-877-653-2839

**Pay online: http://myaccount.pioneercreditrecovery.com**

Hours of Operation: EST/EDT
Mon-Thursday 8:00A.M. – 9:00P.M.
Friday 8:00A.M. – 5:00P.M.
Saturday 8:00A.M. – 12:00P.M.

Correspondence Address:
   Pioneer Credit Recovery, Inc.
   P.O. Box 130
   Perry, NY 14530

Reference # ▮▮▮▮▮▮▮
Client: New York Higher Education Service
Corp
Total Current Balance: $70,200.14

03/06/2018

## PAST DUE BALANCE

Dear RICARDO NIEVES:

Your federal student loan(s) is currently in default. Your guarantor, New York Higher Education Service Corp, was required to purchase the account from your lender under the terms of the guarantee agreement. Since your loan(s) is in default, it has been placed with our agency, Pioneer Credit Recovery, Inc for collection. Interest accrues daily on your past due account(s). To resolve your obligation, call us at 1-800-242-1590.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Failure to pay the account in full, agree to a satisfactory repayment arrangement, or otherwise resolve the matter may result in additional collection efforts, including:

- Evaluating your eligibility for administrative wage garnishment.
- The government may divert your Federal and/or State tax return to pay this debt through tax offset.
- Assigning your loan(s) to the U.S. Department of Education for collection.

This is an attempt, by a debt collector, to collect a debt, and any information obtained will be used for that purpose.

PLEASE SEE NEXT PAGE FOR IMPORTANT INFORMATION.

✂ PLEASE RETURN THIS PORTION WITH YOUR PAYMENT. THANK YOU! ✂
Please see next page if you would like to pay by credit card Pay online: http://myaccount.pioneercreditrecovery.com



1803 Rocky River Road North
Monroe, NC 28110

Borrower: RICARDO NIEVES
Reference#: ▮▮▮▮▮▮▮
Total Current Balance: $70,200.14

Pioneer Credit Recovery, Inc.
P.O. Box 157
Arcade, NY 14009

Please call us if you have a new address or telephone number.

01500

169967 0307 000988 001383 000001/000002 62023



RICARDO NIEVES
65 DIANE BLVD
WOODRIDGE, NY 12789-5552



As of the date of this letter, the balance shown is owed. Because interest may be required to be paid on the outstanding portion of the balance, as well as late charges and other charges that may vary from day to day, the amount required to pay the balance in full on the day payment is sent may be greater than the amount stated here. If the amount stated here is paid, an adjustment may be necessary after a payment is received. In that event, notification will occur of any adjustment in the balance. Before any payment intended to pay the balance in full happens, please contact us at the address on this letter, or call 1-800-242-1590.

## Notice to State of New York residents:

In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
(i) the use or threat of violence;
(ii) the use of obscene or profane language; and
(iii) repeated phone calls made with the intent to annoy, abuse or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income, (SSI)
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

Regarding the collection of federal debts, offset of some of these payment streams may be permissible.

| Ref Num | Creditor | Principal | Interest | Collect Charge |
|---------|----------|-----------|----------|----------------|
| 20060210CL | New York Higher Education Service Corp | $48,706.93 | $9,185.32 | $12,307.89 |

---

**ACCOUNT HOLDER: RICARDO NIEVES**
**ACCOUNT NUMBER:** ████████          **CURRENT AMOUNT DUE: $70,200.14**

☐ **PAYMENT ENCLOSED:** Check Amount $:_____ (make checks payable to Pioneer Credit Recovery, Inc.)

I hereby authorize Pioneer Credit Recovery, Inc. to initiate an ACH withdrawal or credit charge from my bank account or credit card as shown below.

☐ **CHARGE MY:** VISA  DISCOVER      Card Number: _____      Expires: ____ / ____

Payment Amount: $_____ (One-time payment only. Please contact us to make multiple payments.)

Card Holder Name: _____ Card Holder Signature: _____ Today's Date: _____

☐ **WITHDRAW FROM MY BANK ACCOUNT-ACH:** (For authorization, please complete the form below and sign. Or, you may attach a voided check or voided savings deposit slip from your bank account and sign below.)

Bank Name: _____

ABA/Transit/Routing #: |__|__|__|__|__|__|__|__|__|      Account #: _____

Payment Amount: $_____ Payment Date: ___/___/_____ (One-time payment only. Please contact us to make multiple payments.)

Account Holder Name: _____ Account Holder Signature: _____ Today's Date: _____



Pioneer Credit Recovery, Inc.
26 Edward Street
Arcade, NY 14009

Dear RICARDO NIEVES,

Hi. I'm Jeff Mersmann, President of Pioneer Credit Recovery, Inc. My team and I look forward to assisting you with your defaulted student loan. I wanted to reach out with some information and a commitment: **if we work together and stay in touch, we *will* get you back on track.**

During the past five years alone, we've helped more than 175,000 people find solutions for their defaulted student loans — and we can help you too. At every step, we'll clearly explain your options and make sure you have the information you need. I'm proud of the success we've had helping customers like you. Check out this feedback from just a few of them...

**Take control. Call us today!**

Call us at 1-800-242-1590 from 8 a.m. to 9 p.m. Eastern Time Monday through Friday; or 8 a.m. to 12 p.m. Eastern Time Saturday.

We can help you get back on track, with monthly payments based on your income. **Your monthly payment could be as low as $5 per month, if you are unemployed or have very low income.**

*"Had I known it would be this easy to rectify my debt, I would have responded much sooner." — Tina*

*"We are very grateful to have this plan in place and for getting [...] some resolution in paying back this loan. You rock!" — Krissy*

*"[Your representatives have] been incredibly kind, patient, courteous, helpful, and nothing but pleasant. I get the impression that they are 'pulling for me' and really invested in my success. My sincere thanks for all that you do!" — James*

On the back of this letter, you'll find information about some options available to you. Don't worry, you don't need to be an expert on all this. We can help. The most important thing is to call us as soon as possible. The sooner we talk, the sooner we can find a solution for you. **Call us at 1-800-242-1590 from 8 a.m. to 9 p.m. Eastern Time Monday through Friday, or 8 a.m. to 12 p.m. Eastern Time Saturday.** (You also can email us and preschedule a call with one of our representatives. See the table on the back for more information.)

Thanks for your time and attention. We look forward to speaking with you soon.

Sincerely,

Jeff Mersmann
President, Pioneer Credit Recovery, Inc.
www.PioneerCreditRecovery.com/backontrack

**Learn more about your options.▶**

*This is an attempt, by a debt collector, to collect a debt, and any information obtained will be used for that purpose.*



# Three options for resolving your student loan debt

| | Option 1:<br>Federal Loan Rehabilitation Program | Option 2:<br>Payment Agreement | Option 3:<br>Consolidate |
|---|---|---|---|
| **What is it?** | This Federal program helps student loan borrowers who are in default. You can bring your loan out of default by making ten qualifying payments during a ten-month period.<br><br>**Your monthly payment could be as low as $5 per month, if you are unemployed or have very low income.** | If possible, pay back the amount you owe, or arrange to repay it over time.<br><br>We can work with you to establish a reasonable monthly payment based on your current financial situation. | Consolidate your Federal Family Education Loan Program loans into a single Federal Direct Consolidation Loan through the U.S. Department of Education. |
| **What are the benefits?** | Once your loan is rehabilitated:<br>• The default status is removed from the loan.<br>• You can establish an affordable monthly payment, based on your income.<br>• You may regain eligibility for benefits such as deferment, forbearance, and additional federal student aid.<br>• If your default is currently reported, the guarantor will notify the consumer reporting agencies to delete the derogatory trade line they reported from the credit report. In addition, your prior lender that reported the loan as defaulted will be notified to remove the default status from your credit history, if applicable. Delinquencies reported before the loan defaulted will not be removed. | • Repaying your loan balance in full is the fastest way to put your debt behind you.<br>• Once you have fully repaid, your credit report will be updated to show a paid-in-full status. | • Pay off one or more loans with one new, fixed-rate loan.<br>• Your new, consolidated loan will be eligible for benefits such as deferment, forbearance, and loan forgiveness.<br>• You can establish an affordable monthly payment, based on your income. |
| **Other considerations** | • If you are interested in the program, please have your latest tax return or pay stub handy when you call us.<br>• You can rehabilitate a defaulted loan only once.<br>• The guaranty agency must sell the loan to a lender or assign it to the U.S. Department of Education before it can be considered rehabilitated. | • If you are in a long term payment arrangement, your loan will remain in default until paid in full.<br>• We can set up an automated recurring payment method with no additional convenience fees. | If your credit report reflects your loan as a successful loan consolidation, the collection account will be updated to a paid status. |
| **How can I learn more or enroll?** | Call us today. We'll help you get back on track.<br>1-800-242-1590, Monday – Friday from 8 a.m. – 9 p.m. EST<br>or Saturday from 8 a.m. – 12 p.m. EST<br><br>You also can start the process by sending us an email at pcr_loans@pioneer-credit.com. In your message, please include your name, phone number, reference number (if available), and some times when it would be convenient for one of our representatives to call you.<br><br>For more information about the collection process for defaulted student loans, visit **studentaid.ed.gov.** | | |



© 2017 Pioneer Credit Recovery, Inc. All rights reserved.

JS 44C/SDNY
REV. 06/01/17

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
RICARDO NIEVES

DEFENDANTS
PIONEER CREDIT RECOVERY, INC. and JOHN DOES 1-25

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
BEN KAPLAN, CHULSKY KAPLAN LLC, 280 PROSPECT AVE. 6G
HACKENSACK, NJ 07601 (877) 827-3395 EX 102; CELL (201) 803-6611
BEN@CHULSKYKAPLANLAW.COM

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. $ 1692, notice falsely represented that balance could increase due to late charges violating 15 U.S.C. $ 1692e

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [✓]Yes [ ]

Judge Previously Assigned

If yes, was this case Vol. [ ] Invol. [ ] Dismissed. No [ ] Yes [ ] If yes, give date _____ & Case No. _____

Is THIS AN INTERNATIONAL ARBITRATION CASE?    No [X]    Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)    NATURE OF SUIT

### TORTS

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110  INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | [ ] 422 APPEAL 28 USC 158 | [ ] 375 FALSE CLAIMS |
| [ ] 120  MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | | | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 376 QUI TAM |
| [ ] 130  MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 690 OTHER | | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 140  NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | | PROPERTY RIGHTS | [ ] 410 ANTITRUST |
| [ ] 150  RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | | | [ ] 820 COPYRIGHTS | [ ] 430 BANKS & BANKING |
| | [ ] 345 MARINE PRODUCT LIABILITY | PERSONAL PROPERTY | | [ ] 830 PATENT | [ ] 450 COMMERCE |
| [ ] 151  MEDICARE ACT | [ ] 350 MOTOR VEHICLE | [ ] 370 OTHER FRAUD | | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | [ ] 460 DEPORTATION |
| [ ] 152  RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 371 TRUTH IN LENDING | | [ ] 840 TRADEMARK | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 153  RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | LABOR | SOCIAL SECURITY | [x] 480 CONSUMER CREDIT |
| | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 861 HIA (1395ff) | [ ] 490 CABLE/SATELLITE TV |
| [ ] 160  STOCKHOLDERS SUITS | | | [ ] 720 LABOR/MGMT RELATIONS | [ ] 862 BLACK LUNG (923) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 190  OTHER CONTRACT | | PRISONER PETITIONS | [ ] 740 RAILWAY LABOR ACT | [ ] 863 DIWC/DIWW (405(g)) | |
| [ ] 195  CONTRACT PRODUCT LIABILITY | | [ ] 463 ALIEN DETAINEE | [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA) | [ ] 864 SSID TITLE XVI | [ ] 890 OTHER STATUTORY ACTIONS |
| | | [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | | [ ] 865 RSI (405(g)) | [ ] 891 AGRICULTURAL ACTS |
| [ ] 196 FRANCHISE | ACTIONS UNDER STATUTES | [ ] 530 HABEAS CORPUS | [ ] 790 OTHER LABOR LITIGATION | FEDERAL TAX SUITS | |
| | CIVIL RIGHTS | [ ] 535 DEATH PENALTY | [ ] 791 EMPL RET INC SECURITY ACT (ERISA) | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 893 ENVIRONMENTAL MATTERS |
| | | [ ] 540 MANDAMUS & OTHER | | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 895 FREEDOM OF INFORMATION ACT |
| REAL PROPERTY | [ ] 440  OTHER CIVIL RIGHTS (Non-Prisoner) | | | | [ ] 896 ARBITRATION |
| [ ] 210  LAND CONDEMNATION | [ ] 441 VOTING | | IMMIGRATION | | [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION |
| [ ] 220  FORECLOSURE | [ ] 442 EMPLOYMENT | PRISONER CIVIL RIGHTS | [ ] 462 NATURALIZATION APPLICATION | | |
| [ ] 230  RENT LEASE & EJECTMENT | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 550 CIVIL RIGHTS | [ ] 465 OTHER IMMIGRATION ACTIONS | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 240  TORTS TO LAND | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 555 PRISON CONDITION | | | |
| [ ] 245  TORT PRODUCT LIABILITY | [ ] 446  AMERICANS WITH DISABILITIES -OTHER | [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT | | | |
| [ ] 290  ALL OTHER REAL PROPERTY | [ ] 448 EDUCATION | | | | |

Check if demanded in complaint

[✓] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE _____    DOCKET NUMBER _____

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

**ORIGIN**

*(PLACE AN x IN ONE BOX ONLY)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
  - [ ] a. all parties represented
  - [ ] b. At least one party is pro se.
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation (Transferred)
- [ ] 7 Appeal to District Judge from Magistrate Judge
- [ ] 8 Multidistrict Litigation (Direct File)

*(PLACE AN x IN ONE BOX ONLY)*                **BASIS OF JURISDICTION**                *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
RICARDO NIEVES SULLIVAN COUNTY
C/O CHULSKY KAPLAN LLC
280 PROSPECT AVE. 6G
HACKENSACK, NJ 07601

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
PIONEER CREDIT RECOVERY, INC.
26 EDWARD STREET
ARCADE, NEW YORK 14009

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:
JOHN DOES 1-25

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    [x] WHITE PLAINS    [ ] MANHATTAN

DATE 11/27/2018    SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #  s/ Ben A. Kaplan

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo.June____ Yr. 2010____)
Attorney Bar Code # BK3594

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)